**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge MACIAS–VALDEZ, Defendant–Appellant.**

No. 14–50527.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 9, 2015.*

Filed Dec. 15, 2015.

Michael J. Heyman, Peter Ko, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Julie A. Blair, Esquire, San Diego, CA, for Defendant–Appellant.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

MEMORANDUM **

Jorge Macias–Valdez appeals from the district court's judgment and challenges the 66-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Macias–Valdez contends that his sentence is substantively unreasonable in light of his mental and physical health problems, and his alleged cultural assimilation. The district court did not abuse its discretion in imposing Macias–Valdez's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Macias–Valdez's significant criminal and immigration histories. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586; *United States v. Gutierrez–Sanchez*, 587

F.3d 904, 908 (9th Cir.2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

